**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Tomongo James William McCord, | Case No. 2:25-cv-11345-RMG- |
| Plaintiff, | |
| v. | |
| Detective Kelly Freshman, Chief of Police Gregory G. Mullen, City of Charleston, Assistant Solicitor Debbie Herring-Lash, Assistant Solicitor Lauren Frierson, Solicitor Scarlett A. Wilson, Supervisory Officer John Doe/Jane Roe, | **ORDER & OPINION** |
| Defendants. | |

The Magistrate Judge made a Report and Recommendation in this case recommending partial summary dismissal. (Dkt. No. 14). Specifically, the Magistrate Judge recommended that Defendants Mullen, the City of Charleston, Herring-Lash, Frierson, Wilson, and Doe/Roe be summarily dismissed as parties to this action, and that any claims relating to Plaintiff's 1999 convictions be dismissed. The Magistrate Judge further recommended that the Complaint be served on Defendant Freshman as to the malicious prosecution claim concerning the 2018 first-degree criminal sexual conduct with a minor charge. No objections have been filed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). In the absence of timely filed objections, the Court need not conduct a *de novo* review but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

The Court has reviewed the Report and Recommendation and the record in this case. As the Magistrate Judge correctly determined, the Complaint fails to allege any specific facts to support a claim that Defendants Mullen, Wilson, or Doe/Roe violated Plaintiff's constitutional rights. (Dkt. No. 14 at 5–6). The Magistrate Judge also properly found that any supervisory liability claims against these Defendants fail because Plaintiff has not alleged facts satisfying the elements set forth in *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). (Dkt. No. 14 at 6).

The Magistrate Judge correctly concluded that Defendants Herring-Lash, Frierson, and Wilson are entitled to prosecutorial immunity because Plaintiff's claims against them are based on their participation in his criminal proceedings. (Dkt. No. 14 at 7–8); *see Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009). The Magistrate Judge also properly determined that Plaintiff's municipal liability claim against the City of Charleston fails because the Complaint does not identify any official policy, custom, or practice that caused a constitutional violation. (Dkt. No. 14 at 8–10); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Finally, the Magistrate Judge correctly found that any claims relating to Plaintiff's 1999 convictions are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has not alleged that those convictions have been invalidated, and a favorable determination on Plaintiff's § 1983 claims would question the validity of his convictions and sentences. (Dkt. No. 14 at 6–7).

The Court finds no clear error on the face of the record. Accordingly, the Court **ADOPTS** the Report and Recommendation as the Order of the Court. (Dkt. No. 14). Defendants Mullen, the City of Charleston, Herring-Lash, Frierson, Wilson, and Doe/Roe are **DISMISSED** as parties to this action. Any claims relating to Plaintiff's 1999 convictions are **DISMISSED**. The Complaint shall be served on Defendant Freshman as to the remaining malicious prosecution claim.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 6, 2026
Charleston, South Carolina