UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tomongo James William McCord,<br><br>Plaintiff,<br><br>v.<br><br>Detective Kelly Freshman,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | C/A No. 2:25-cv-11345-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by Plaintiff Tomongo James William McCord, a state inmate proceeding pro se. Before the Court is Defendant's Motion to Dismiss. ECF No. 47. The Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to the Motion. ECF No. 48. Plaintiff filed a Response in Opposition to Defendant's Motion. ECF No. 53. The Motion is ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Because the Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

For the reasons that follow, the undersigned recommends that the Motion be granted.

## **BACKGROUND**[1]

The allegations set forth in Plaintiff's Complaint, and all reasonable inferences therefrom, are accepted as true and viewed in the light most favorable to Plaintiff for purposes of Defendant's Motion. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Plaintiff is an inmate currently at Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). In October 1999, Plaintiff was convicted in the Circuit Court for Charleston County of first-degree criminal sexual conduct (CSC), first-degree burglary, kidnapping, and strong-arm robbery as to crimes that occurred in 1993. *State v. McCord*, 562 S.E.2d 689, 691 (S.C. Ct. App. 2002).[2] He was sentenced to terms of thirty years' imprisonment as to the convictions for CSC (1999GS1006423, indictment 1999GS10006423), burglary (F196997, indictment 1998GS1008305), and kidnapping (1999GS1006424, indictment 1999GS100006424) and a term of ten years' imprisonment as to the strong-arm robbery conviction (1999GS1006422, indictment 1999GS1006422). *See* Charleston County Circuit Court Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/ [search case numbers listed above] (last visited August 5, 2026).

---

[1] On March 24, 2026, this Court dismissed all claims in this case except for the malicious prosecution claim against Defendant Freshman based upon the 2018 charge against Plaintiff for first-degree CSC with a minor. ECF No. 23. Defendant's Motion to Dismiss pertains to the one remaining claim in this case, such that the allegations recited herein pertain to that claim.

[2] This Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). Moreover, "a court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

While Plaintiff was serving his thirty-year sentence for those crimes, an arrest warrant was issued in December of 2018 by the Charleston Police Department charging Plaintiff with the offense of CSC with a minor, first degree, on August 10, 1993. ECF No. 1 at 15. During this time, Defendant Freshman was the lead investigator in the City of Charleston Police Department's Special Victims Unit. *Id.* As part of a review of untested rape kits, Defendant Freshman caused a rape kit collected in 1993 in connection with a reported sexual assault on a minor to be submitted for DNA analysis. *Id.* That analysis produced a potential DNA profile match to Plaintiff. *Id.*

Plaintiff alleges that the warrant contained this information regarding DNA and referred to a statement from the victim that concerned the 1993 incident. *Id.* Plaintiff claims that Defendant Freshman consulted with Assistant Solicitor Herring-Lash and thereafter presented the proposed warrant to Judge Baldwin for issuance. *Id.*

Plaintiff was served with the arrest warrant on January 23, 2019, and transported to the Sheriff Al Cannon Detention Center, where he was booked, processed, and assigned a public defender. *Id.* at 16. A preliminary hearing was held on March 13, 2019, at which Defendant Freshman testified, reciting facts consistent with the information included in the arrest warrant. *Id.* at 16–17. The victim was alleged to have been ten years old at the time of the crime in 1993, though there were no police reports from 1993, and Defendant Freshman testified that she was not sure if the child was ever further interviewed by any officer or other investigating agency and did not believe there were any recordings of any interviews from 1993. *Id.* at 21–22. The presiding judge found probable cause for Plaintiff to be charged with CSC with a minor, first degree. *Id.* at 16–17.

Thereafter, a true billed indictment was returned by the grand jury in June 2019, charging Plaintiff with CSC with a minor, first degree. *Id.* at 17. Records from Charleston County indicate the case number for this arrest of Plaintiff is 2018A1010206994, and indictment number is

2019GS1003102. *See* Charleston County Circuit Court Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/ [search case number listed above] (last visited August 5, 2026).

Plaintiff received initial discovery disclosures from the State, with information he appears to allege was presented to the grand jury in June of 2019 when the true bill indictment was returned. *See* ECF No. 1 at 17. The discovery disclosures included a supplemental report created by Defendant Freshman, wherein she noted on January 13, 2017, that the file could not be located and a search of the warehouse did not yield any results. *Id.* at 18. The supplemental report further included statements from Defendant Freshman that: she opened the rape kit to attempt to locate a Sexual Assault Nurse Examination (SANE) report, the SANE report was located inside the kit, she resealed the kit, and she checked the kit back into evidence. *Id.* Plaintiff alleges the supplemental report indicated that Defendant Freshman "checked evidence and was able to locate the evidence voucher submitted at the time of the original report. The voucher indicates the only item of evidence is the SANE kit." *Id.*

However, the SANE report contained inside the kit indicated the victim's clothing was included among the contents of the kit collected by the nurse who conducted the examination in August 1993. *Id.* at 19. Plaintiff also received a copy of the Forensics Services Laboratory Report dated October 24, 2018, which listed that swabs and suspected semen gauze were received for analysis, but the clothing of the victim as referenced in the SANE report was not listed. *Id.* at 19–20.

The case was dismissed on August 3, 2023, with a disposition of nolle prosequi. *See* Charleston County Circuit Court Public Index,

https://jcmsweb.charlestoncounty.gov/PublicIndex/ [search of case number 2018A1010206994] (last visited August 5, 2026); *see also* ECF No. 1 at 6.

**LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

"A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous

to a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips*, 572 F.3d at 180 (internal quotation marks omitted).

## DISCUSSION

Plaintiff brings this lawsuit against Defendant Freshman under 42 U.S.C. § 1983, alleging that Defendant Freshman maliciously prosecuted him for CSC with a minor, first degree, from 1993, in violation of the Fourth Amendment. ECF No. 1 at 5, 26.

To establish a cause of action under 42 U.S.C. § 1983, Plaintiff must show: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mallory v. Holdorf*, No. 3:11-03295-MBS, 2012 WL 4479070, at *4 (D.S.C. Sep. 28, 2012) (explaining that "42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights"), *aff'd*, 575 F. App'x 108 (4th Cir. 2014).

**A. Malicious Prosecution**

When an unreasonable seizure, arrest, or prosecution is alleged, such a claim is governed by the Fourth Amendment.[3] *Mallory*, 2012 WL 4479070, at *4 (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)). To establish a § 1983 claim for malicious prosecution based on a Fourth Amendment violation, a plaintiff must show that the defendant (1) caused a

[3] At the beginning of Plaintiff's Complaint, he indicates that he is suing for violations of his rights under the Fourth and Fourteenth Amendments. ECF No. 1 at 5. However, he only references the Fourth Amendment regarding his malicious prosecution claim against Defendant Freshman. *Id.* at 26. Indeed, a malicious prosecution claim under § 1983 arises under the protections of the Fourth Amendment, not the Fourteenth Amendment. *See Brooks*, 85 F.3d at 184; *Taylor v. Waters*, 81 F.3d 429, 435–36 (4th Cir. 1996). Moreover, Plaintiff's Response contains arguments as the malicious prosecution claim and qualified immunity defense only. ECF No. 53. However, to the extent Plaintiff intends to assert a due process claim under the Fourteenth Amendment based upon allegations that Defendant Freshman was negligent in her investigation of the case or in preserving clothing that was missing, not located, nor accounted for after charges were filed against him, *see* ECF No. 1 at 20–23, those allegations are insufficient to establish any claim against her under 42 U.S.C. § 1983. *See Price v. Clinton Police Dep't*, No. 6:17-3207-BHH-JDA, 2018 WL 1320234, at *3 (D.S.C. Feb. 9, 2018) (noting "no cause of action for negligent investigation under § 1983"), *report and recommendation adopted*, No. 6:17-3207-BHH, 2018 WL 1124515 (D.S.C. Mar. 1, 2018); *McClurkin v. Byer*, No. 2:13-1507-RMG, 2013 WL 3746027, at *6 (D.S.C. July 15, 2013) ("[T]his District Court and other courts which have addressed the issue have found that there is no cause of action for negligent investigation under § 1983[.]"), *aff'd*, 555 F. App'x 277 (4th Cir. 2014). Notably, Plaintiff has not alleged that Defendant Freshman intentionally withheld or destroyed evidence but, instead, contends the police department and its officers were negligent in preserving and maintaining the victim's clothing from 1993 because it was missing, not located, nor accounted for in the twenty-five years preceding his arrest in 2019. *See* ECF No. 1 at 20; *see also Jean v. Collins*, 221 F.3d 656, 663 (4th Cir. 2000) (addressing qualified immunity and holding that it was clearly established in 1982 that when police intentionally withhold or destroy evidence, or otherwise act in bad faith, their actions violate the due process rights of a criminal defendant under the Fourteenth Amendment); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law). Taking the allegations in the Complaint in the light most favorable to Plaintiff, he has not alleged Defendant Freshman intentionally withheld or failed to preserve any evidence nor otherwise established a claim against Defendant Freshman under the Fourteenth Amendment.

seizure of the plaintiff (2) pursuant to legal process unsupported by probable cause, and (3) the resulting criminal proceedings terminated in plaintiff's favor. *Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019); *Evans v. Chalmers*, 703 F.3d 636, 646 (4th Cir. 2012); *see also Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks*, 85 F.3d at 183; *Bryant v. Town of Bluffton*, No. 9:17-cv-9414-DCN, 2019 WL 4439435, at *3 (D.S.C. Sep. 17, 2019).

It is undisputed that Plaintiff was arrested for CSC with a minor, first degree, in 2019, such that he has alleged facts sufficient to establish the first element of a malicious prosecution claim. Defendant argues, however, that Plaintiff cannot establish the second element because he was indicted by a grand jury and because his arrest was supported by probable cause. [4] ECF No. 47 at 5, 13–14.

---

[4] Defendant also argues that Plaintiff has failed to allege a favorable termination of the indictment against him, the third element required to support a claim for malicious prosecution. ECF No. 47 at 16–17. *See Massey*, 759 F.3d at 356 (quoting *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (explaining that to establish a claim for malicious prosecution, a plaintiff must allege that "the criminal proceedings . . . terminated in plaintiff's favor")); *Coffy v. Dittrich*, No. CV 2:24-786-BHH, 2025 WL 357746, at *2 (D.S.C. Jan. 31, 2025). The Supreme Court has clarified that a favorable termination generally means "the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022). Defendant contends that the case was *nolle prossed* because Plaintiff was already serving a thirty-year prison sentence for other similar charges. ECF No. 47 at 17. Plaintiff disagrees, arguing it was based upon missing evidence, suggesting his innocence. ECF No. 53 at 14–15. The only allegation in the Complaint is that the "case was dropped" by the solicitor's office. ECF No. 1 at 28. And, the public record only shows that the charge was *nolle prossed*. *See Thompson*, 596 U.S. at 49 (holding that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence). The undersigned need not reach the third element of Plaintiff's claim at this time, in light of the recommendation herein based upon the second element.

*1. Grand Jury Indictment*

Plaintiff alleges that he was arrested pursuant to a warrant and indicted by a grand jury. ECF No. 1 at 16–17. Defendant argues that the indictment conclusively establishes that probable cause existed for his arrest. ECF No. 47 at 15.

An indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause. *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017); *Durham*, 690 F.3d at 189; *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975); *Bryant*, 2019 WL 4439435, at *5. There are no allegations in the Complaint that Defendant Freshman made any presentation to the grand jury, inaccurate or otherwise, or that the grand jury in this case was not properly constituted. Indeed, Plaintiff's allegations pertain to information he contends was not, but should have been, included in Defendant Freshman's affidavit in support of his arrest warrant.

Plaintiff appears to allege that the discovery materials he received, which give rise to his allegations of lack of probable cause for Defendant Freshman's arrest warrant, were part of the materials submitted to the grand jury in June of 2019, which was six months after his arrest in January of 2019, and three months after the preliminary hearing in March of 2019. ECF No. 1 at 16–17. Regardless of any such allegation, Plaintiff has not provided any authority to contradict the effect of an indictment on probable cause, nor has he otherwise even addressed this argument made by Defendant in his Response.

Under these circumstances, Plaintiff's indictment by a grand jury conclusively establishes probable cause and, thus, dictates a dismissal of Plaintiff's claim against Defendant Freshman for malicious prosecution.

*2. Probable Cause for Initial Arrest*

Nevertheless, the undersigned addresses Plaintiff's argument that Defendant Freshman lacked probable cause in seeking his arrest in the first instance because his arrest flowed from an "inaccurate warrant affidavit." ECF No. 53 at 4–12. To succeed in showing there was no probable cause for his arrest, Plaintiff must show that Defendant Freshman either deliberately or with a reckless disregard for the truth made material false statements in her warrant affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading. *See Bryant*, 2019 WL 4439435, at *5–6; *Lancaster v. Woodward*, No. 7:17-CV-01205-TMC, 2018 WL 1064253, at *5 (D.S.C. Feb. 26, 2018); *see also Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007).

To demonstrate a "reckless disregard," a plaintiff must show, considering all the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Miller*, 475 F.3d at 627. With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. *Id.* However, allegations of negligence or honest mistake are insufficient. *Id.* at 627–28.

Plaintiff concedes that, as alleged, the rape kit submitted to the South Carolina Law Enforcement Lab indicated a match through the South Carolina state DNA database with Plaintiff's DNA. ECF No. 53 at 4–5. He argues, however, that these statements are "literally true, but substantively misleading." *Id.* at 5. Specifically, Plaintiff argues that the kit that was tested was missing the clothing, which was recorded as having been collected and included with the original rape kit in 1993. *Id.* Therefore, argues Plaintiff, Defendant Freshman made "material false

statements" against Plaintiff in the presentment made to the magistrate judge who relied upon this information to issue the arrest warrant. *Id.*

As an initial matter, Plaintiff has not actually alleged any literal false statements were made by Defendant Freshman, nor pointed to any in the Complaint. Instead, he contends that Defendant Freshman omitted relevant information. Plaintiff further argues that deliberate or reckless disregard for the truth can be inferred from his allegations that Defendant Freshman learned through her investigation that the police department failed to retain the investigative file for the case, highlighting her supplemental case report that indicated she could not locate the file. *Id.* at 5–6. According to Plaintiff, Defendant Freshman's failure to discern what evidence existed and where, including specifically the clothing, as well as her obvious reason to doubt the reliability of the victim's witness statement, amount to a reckless disregard for the truth and material false statements being made. *Id.* at 6–7. Moreover, he argues that her failure to inform the magistrate judge of certain important facts, including missing potentially exculpatory information, amounts to material omissions by Defendant Freshman. *Id.* at 9–13.

However, even taking the allegations in the Complaint in the light most favorable to the Plaintiff, this argument is an unreasonable stretch too far to reach. In ruling on a motion to dismiss, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips*, 572 F.3d at 180 (internal quotation marks omitted). Indeed, all of Plaintiff's arguments fundamentally ignore his allegations that the rape kit submitted to the South Carolina Law Enforcement Lab indicated a match with Plaintiff's DNA through the South Carolina state DNA database. Even had the arrest warrant included all the items Plaintiff alleges should have been included, the facts and circumstances as he has alleged them support a finding of probable cause based on the DNA match.

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (alteration in original) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). It requires more than bare suspicion, but less than the evidence necessary to convict, *id.*, and the determination of whether probable cause exists is reviewed under the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Taylor*, 81 F.3d at 434. It is an objective standard of probability that reasonable and prudent persons apply in everyday life. *Smith*, 848 F.3d at 253.

Plaintiff's own allegations are that Defendant acted based on a confirmed DNA match, among the most reliable forms of forensic evidence available. While he claims that Defendant Freshman should have pointed out certain problems with evidence, Plaintiff offers no factual allegation that would undermine the validity of the DNA match.[5] Plaintiff's conclusory assertions of bad faith and improper motive are legally insufficient to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Under these circumstances, Defendant Freshman's Motion to Dismiss should be granted.

---

[5] While the undersigned has only relied upon the allegations in Plaintiff's Complaint, it is worth noting that Plaintiff specifically references in his Complaint Defendant Freshman's supplemental case report, which he attached to his Response and upon which he relies heavily to argue information was omitted from the arrest warrant. ECF No. 53-1. A motion to dismiss tests the sufficiency of a complaint; however, courts can also consider documents that are explicitly incorporated into the complaint by reference, so long as the document was integral to the complaint and there is no dispute about the document's authenticity. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). While Plaintiff argues the supplemental case report demonstrates information that was omitted from the arrest warrant, it supports probable cause under the totality of circumstances in this instance, as it details the steps taken by Defendant Freshman in investigating the matter, including interviewing the victim, prior to securing the arrest warrant at issue.

**B. Qualified Immunity**[6]

Defendant also argues that she is entitled to qualified immunity. ECF No. 47 at 9–12. Plaintiff disagrees, arguing he has set forth sufficient allegations to establish Defendant Freshman's conduct violated Plaintiff's rights that were clearly established. ECF No. 53 at 13–14.

An officer is entitled to qualified immunity from a § 1983 claim unless (1) she violated a constitutional or statutory right, and (2) the right was clearly established at the time she acted. *Belton v. Loveridge*, 129 F.4th 271, 277 (4th Cir. 2025) (citing *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018); *Thurston v. Frye*, 99 F.4th 665, 673 (4th Cir. 2024); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If a violation of a constitutional right in fact exists, qualified immunity nonetheless shields a prison official from liability, unless the violation was of a "clearly established right of which a reasonable person would have known." *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003) (cleaned up).

Taking the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff has not established a violation of any constitutional right, which entitles Defendant to qualified immunity. Accordingly, the undersigned recommends granting Defendant Freshman's Motion to Dismiss on this basis, as well.

---

[6] A defendant may raise a qualified immunity defense in a Rule 12(b)(6) motion. *See Owens v. Balt. City State's Atty's Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant Freshman's Motion to Dismiss (ECF No. 47) be **GRANTED.**

**IT IS SO RECOMMENDED.**

**The parties are referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

August 5, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).